FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JAN -9 PM 4: 18

BARRY W. JACKSON
P. O. Box 70348
Fairbanks, AK   99707
(907) 456-7791
(907) 456-8005 - Fax
Attorney for Third Party Defendants
LYALL R. BRAISER and
JEANETTE E. BRASIER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| FAIRBANKS INVESTORS, INC. | ) | Case No. F05-023 CV (RRB) |
| | ) | |
| Plaintiff, | ) | ANSWER OF LYALL R. BRASIER AND |
| | ) | JEANETTE E. BRASIER TO THIRD |
| v. | ) | PARTY COMPLAINT OF THE UNITED |
| | ) | STATES OF AMERICA FOR |
| UNITED STATES DEPARTMENT OF | ) | FORECLOSURE OF PERSONAL PROPERTY |
| AGRICLTURE, FARM SERVICE | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LYALL BRASIER aka LYALL R. | ) | |
| BRASIER, JR. aka LYALL RAYMOND | ) | |
| BRASIER, JR. and JEANETTE BRASIER | ) | |
| aka JEANETTE E. BRASIER aka | ) | |
| JEANETTE ELAINE BRASIER, | ) | |
| Husband and Wife; VANDER | ) | |
| WEELE FARMS; and FAIRBANKS | ) | |
| INVESTORS, INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

1

Third Party Defendants Lyall R. Brasier and Jeanette E. Brasier to Third Party Complaint of the United States of America, for answer to that complaint, admit, deny, and allege as follows:

1.      Third Party Defendants Lyall R. Brasier and Jeanette E. Brasier (hereinafter "Defendants Brasier") disclaim any interest in the property which is the subject of the complaint by Fairbanks Investors and the answer of the United States of America Farm Services Agency (hereinafter "FSA") except as noted herein, and except as to any remaining interests in their farm's property, whether or not their bankruptcy trustee or any other party claim an interest in the property, after all parties to this action have all exercised their legal rights and the final decree has been entered in their bankruptcy case.

2.      Defendants Brasier allege the bankruptcy trustee is owner, on behalf of the bankruptcy estate, of all such property (except property noted below).

3.      Certain property in the list of personal property, paragraph 8 of the FSA counterclaim and third party complaint, page 7 and 8, does not exist or was used or sold by the bankruptcy estate, as follows:

a.      When this case was filed debtors had only one heifer (not two) and she died giving birth.

b.      The four breeding cows were sold by the bankruptcy trustee and the proceeds were used for administrative expenses.

c.      The straw and "bales" were consumed by the livestock or were sold for operating expenses of the bankruptcy estate.

d.      The seed potatoes were used by the bankruptcy estate.

4.      Defendants Brasier allege that FSA purchased real property at the foreclosure sale of certain real property, and certain personal property is on said real property, including:

a.      "4 unknown 1/4 mile Wheel Lines" and

2

b.    Various irrigation equipment.

5.    Defendants Brasier allege that Fairbanks Investors purchased fixtures on the real property at the foreclosure sale of the real property:

a.    The 5 HP V 209 electric motor which is part of the air conditioning equipment, and is included in the foreclosure sale to Fairbanks Investors.

b.    The Lockwood potato sorter and Northwest Potato Bagger are attached to the warm storage facility, included in the foreclosure sale to Fairbanks Investors.

6.    The 1978 Ford refrigerator truck, not listed on said pages 7 and 8, but listed in Exhibit P, page 3, line 24, of the Exhibits to the Third Party Complaint, is property of and titled to Defendants Brasiers' son, Raymond Brasier.

7.    Defendants Brasier do not answer the complaint of Fairbanks Investors, to which they are not defendants, and do not respond to the answer of FSA, but concur on information and belief, with paragraphs 12 and 20 of FSA's answer.

8.    No party is entitled to costs or attorney fees against Defendants Brasier.

9.    Except as noted above, Defendants Brasier, on information and belief, admit the allegations of paragraphs 1 through 10 and 12 of the Third Party Complaint.

10.    Defendants Brasier are without knowledge or information sufficient to admit or deny the allegations of paragraphs 11 and 13 of the Third Party Complaint, and therefore deny the same, except as noted above.

WHEREFORE, Third Party Defendants Brasier pray:

1.    That any judgments, findings, and conclusions of law entered herein conform to the position of Defendants Brasier, as set out above;

2.      That they be allowed their costs and attorney fees against other defendants and plaintiff

as the court finds to be just and equitable; and

3.      For such other and further relief as the Court finds just and equitable.

Respectfully submitted, January 9, 2006.

Barry W. Jackson
Attorney for Third Party Defendants
Lyall R. Brasier and Jeanette E. Brasier

I declare under penalty of perjury that a
true and correct copy of the foregoing
ANSWER OF LYLE R. BRASIER AND
JEANETTE E. BRASIER TO THIRD
PARTY COMPLAINT OF THE UNITED
STATES OF AMERICA FOR
FORECLOSURE OF PERSONAL
PROPERTY was sent to the following
counsel via U. S. Mail:

John J. Burns
Borgeson & Burns PC
100 Cushman Street #311
Fairbanks, AK   99701

Daniel R. Cooper, Jr.
Assistant U. S. Attorney
Federal Building & U. S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK   99513-7567

Diane Coughlan                    1/9/06
                                  Date

4